IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OTIS LEE DAVIS, <br> (TDCJ-CID #1681235) <br> Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION H-12-1416 |
| SERGEANT MILES, *et al.*, <br> Defendants. | § § § § § | |

## MEMORANDUM AND OPINION

Otis Lee Davis, a Texas Department of Criminal Justice inmate, sued in January 2012, alleging civil rights violations resulting from a denial of adequate medical care. Davis, proceeding *pro se* and *in forma pauperis,* sues Sergeant Miles, Dr. Evans, and Warden of the Wayne Scott Unit. The threshold issue is whether Davis's claims are barred by the doctrine of res judicata. The court finds that this complaint is barred and should be dismissed.

I.   **Procedural History and Background**

Davis asserts that he was assigned to a cell that contained a defective bunk bed. He claims that someone came into his cell when he was not there and bent the steel supports of the bunk bed. He claims that he broke his neck while sitting on the bunk bed. Davis claims that prison officials saw Davis sitting on the bunk bed, but they failed to give him any help or advice. Davis alleges that Dr. Evans failed to evaluate Davis's injuries. Davis complains that he has pain in his neck, back, shoulder, leg, and stomach. Davis asserts that he cannot complete his sentence and should be sent home. Though he is scheduled to be released to parole, Davis states that he is not sure he will actually be released on parole.

Davis initially filed the instant complaint in the Fort Worth Division of the Northern District of Texas on January 6, 2012, Civil Action Number 4:12-0013. That case was transferred to this court in May 2012 and assigned the Civil Action Number 4:12-1416, the instant case.

On March 30, 2012, Davis filed a second complaint in the Northern District, Civil Action Number 4:12-0187. On April 12, 2012, Davis filed an amended complaint in Civil Action Number 4:12-0187, and on April 20, 2012, the Northern District of Texas severed the claims in the amended complaint and assigned them to a new case, Civil Action Number 4:12-0242. On May 3, 2012, the Northern District transferred Civil Action Number 4:12-0242 to this court, where it was assigned Civil Action Number 4:12-1389.

## II.   Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A governs this suit by a prisoner against a prison official.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.

1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

### III. Discussion

Davis raised virtually identical claims against the same defendants in Civil Action No. H-12-1389. That case is currently pending on the court's docket.

*In forma pauperis* complaints may be dismissed as frivolous if they seek to re-litigate claims that assert substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir.), *cert. denied,* 493 U.S. 969 (1989). Pauper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata. Id.* A district court may dismiss as malicious a pauper's complaint that duplicates allegations of another pending federal lawsuit filed by the same plaintiff. *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993).

As detailed above, Davis filed the instant case in January 2012, but it was not transferred to this court until May 4, 2012. Davis filed another complaint in the Northern District, Civil Action Number 4:12-0242, which was transferred to this court on May 3, 2012.

Rule 20 of the Federal Rules of Civil Procedure only allows the joinder of several parties if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. The complaints filed by Davis clearly make allegations against the same set of defendants and involve one transaction, his falling off the bunk bed and subsequent treatment of his injuries. Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

The claims in the above-styled action will be DISMISSED as malicious because they are

duplicative of claims currently pending before the court in Civil Action Number 4:12-1389.

## IV. Conclusion

The action filed by Otis Lee Davis (TDCJ-CID Inmate #1681235) is DISMISSED as malicious because the claims are duplicative of those currently pending before the court. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1).

The TDCJ-CID must deduct twenty percent of each deposit made to Davis's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on June 6, 2012.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE